Nino v. Doenges, et. al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
                     Circuit Judges.


- - - - - - - - - - - - - - - - - - - -X
LUDYS NINO,
         Plaintiff-Appellee,

         -v.-                                    15-3530

OLIVER DOENGES AND ANDRES SANCHEZ,
         Defendants-Appellants.


- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:            VALERIE MAZE KEENEY, Town of
                           Greenwich, Greenwich,
                           Connecticut.

1

**FOR APPELLEE:**                    JOHN R. WILLIAMS, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED**.

Two Greenwich police officers bring an interlocutory appeal from the ruling of the United States District Court for the District of Connecticut (Hall, C.J.) denying their motion for summary judgment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.  We dismiss the appeal because we lack jurisdiction to decide, on interlocutory appeal, whether a dispute of material fact is genuine.

We must consider our appellate jurisdiction sua sponte even when uncontested by the parties. Bolmer v. Oliveira, 594 F.3d 134, 140 (2d Cir. 2010).  Typically, this Court lacks jurisdiction to review the denial of a motion for summary judgment because the denial of such a motion is not a final judgment.  See 28 U.S.C. § 1291; Jones v. Parmley, 465 F.3d 46, 54 (2d Cir. 2006).  In qualified immunity cases, however, we may decide interlocutory appeals when defendants argue that they are entitled to immunity either

2

on a set of undisputed facts or on plaintiff's version of the facts.  <u>Salim v. Proulx</u>, 93 F.3d 86, 90 (2d Cir. 1996). In contrast, we may not decide interlocutory appeals about qualified immunity which turn on whether a dispute of fact is "genuine" enough to preclude summary judgment.  <u>Bolmer</u>, 594 F.3d at 140–41.

The police officers argue that the evidence in their favor was so substantial at summary judgment that there was no genuine dispute as to whether the plaintiff consented to a search of her house.  But that is precisely the kind of argument we cannot consider until there has been a final judgment, and the police officers' appeal must therefore be dismissed for lack of jurisdiction.  <u>See, e.g.</u>, <u>Salim</u> 93 F.3d at 90–91.

For the foregoing reasons, and finding no merit in the police officers' other arguments, we hereby **DISMISS** the appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3